Van Voorhis, J.
Appellant is the president of a corporation which owns a multiple dwelling in Brooklyn containing 16 apartments comprising 87 rooms. She pleaded guilty to an information charging that on November 23, 1959 at 3 o’clock in the afternoon the temperature was several degrees substandard in two rooms of each of two of the apartments. She was fined $200 and 30 days in the workhouse, execution of the 30-day sentence being suspended. She asks that her sentence be annulled on the ground that on the date of the offense no statute was in existence authorizing the sentence which was imposed.
*186 The offense to which she pleaded guilty was created by section 131.03 of the Health Code of New York City, enacted by the Municipal Board of Health before the date of this offense. Punishment for violation of this section is now authorized by section 102-c of the New York City Criminal Courts Act as amended by chapter 504 of the Laws of 1960, effective April 12th of that year. That was too late to apply to this offense which occurred on November 23, 1959. Former section 102-c of the New York City Criminal Courts Act, in force on the date of this offense, provided punishment for violations of section 225 of the Sanitary Code but made no mention of section 131.03 of the Health Code. On the date when this offense was committed, therefore, section 131.03 of the Health Code had been substituted by the City Board of Health for section 225 of the Sanitary Code, which dealt with the same subject matter, but the Legislature had not caught up with the change by implementing the new section instead of the old. Implementation quickly followed at the next session of the Legislature by substitution of section 131.03 of the Health Code in place of section 225 of the Sanitary Code. But that was not in time to enable the punishment of appellant whose offense was committed after section 131.03 of the Health Code had been adopted but before punishment had been provided for its violation.
It may well be that reference to section 225 of the Sanitary Code in the statute authorizing punishment would have been adequate if section 131.03 of the Health Code had been, in substance, a re-enactment of section 225 of the Sanitary Code as it existed at the time when former section 102-c of the New York City Criminal Courts Act was enacted. (Cf. G-eneral Construction Law, § 80.) The difficulty in reaching that result stems from the fact that section 131.03 of the Health Code is not a re-enactment of section 225 of the Sanitary Code, as it then was, as applied to this offense. The change increased by three degrees the minimum temperature allowed in any of the rooms in this apartment house. The lowest permissible temperature was raised from 65 to 68 degrees Fahrenheit. That meant that, of the four rooms where the information charges that the temperature was too low on that date, three would have complied with the requirements of section 225 of the Sanitary Code but not of *187 section 131.03 of the Health Code.* The fourth and only room which did not comply with section 225 of the Sanitary Code was but one degree below the temperature permitted by that section. A deficiency of one degree in one room out of 87 would probably have been regarded as de minimis.
Thus, at the time charged in the information appellant violated section 131.03 of the Health Code hut not, in any substantial respect, its predecessor section 225 of the Sanitary Code as it stood when section 102-c of the New York City Criminal Courts Act was adopted. Therefore, insofar as this offense is concerned, section 131.03 of the Health Code cannot be regarded as a re-enactment of section 225 of the Sanitary Code so as to render section 102-c of the New York City Criminal Courts Act applicable to the newer section. At the time of the offense there was consequently no statute authorizing the punishment which was meted out to appellant in the Magistrates’ Court. Although appellant pleaded guilty, she could not be punished by a sentence which the Magistrate lacked power to impose.
The judgment of conviction should be reversed, the complaint dismissed and the fine remitted.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
Judgment reversed, etc.

 The minimum temperature was raised from 65 degrees Fahrenheit to 68 degrees Fahrenheit by an amendment made by the Municipal Board of Health to section 225 of the Sanitary Code subsequent to its implementation by the adoption of section 162-c of the New York City Criminal Courts Act by chapter 278 of the Laws of 1943 and prior to its amendment in 1960.